UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| United States of America | |
| v. | Crim. Action No. 2:12–mj–33-1 |
| Julio Warner Loiseau | |

**OPINION AND ORDER**
(Doc. 7)

Defendant Julio Warner Loiseau has filed a Petition to Expunge or Seal Criminal History. (Doc. 7.) The Petition pertains to a misdemeanor conviction he sustained in this Court in 2012 for a violation of 8 U.S.C. § 1325(a)(1), which prohibits entering or attempting to enter the United States at a time or place other than as designated by immigration officers. According to Loiseau's Petition, expungement of this conviction is "in the interests of justice"[1] because his "arrest was unjust and race related." (Doc. 7 at 2.) The government opposes Loiseau's expungement request. (Doc. 8.)

For the reasons explained below, the Court denies Loiseau's Petition to Expunge or Seal Criminal History. (Doc. 7.)

---

[1] Loiseau's Petition appears to be a form document used in expungement proceedings in Vermont Superior Court. The procedures governing state expungement proceedings are set forth at 13 V.S.A. § 7602. The "interests of justice" language in Loiseau's Petition appears to derive from the governing statutory standard under state law. *See* 13 V.S.A. § 7602(b)(1)(D) (providing that the court shall order expungement of a petitioner's criminal history if, among other conditions, "[t]he court finds that expungement of the criminal history record serves the interests of justice").

**Factual and Procedural Background**

I.     **The Offense of Conviction**

On March 20, 2012, Loiseau was charged by Criminal Complaint with a violation of 8 U.S.C. § 1325(a)(1). (Doc. 1.) According to the Affidavit in support of the Criminal Complaint, during the evening of March 19, 2012, United States Border Patrol (USBP) Agents received "a concerned citizen's report of a suspicious individual" near a convenience store in Richford, Vermont. (Doc. 1-1 at 1, ¶ 3.) The area is "approximately one mile south of the Richford Port of Entry." (*Id*.) When Agents encountered Loiseau, he advised that he was a Haitian citizen with a valid student visa. Loiseau stated that he did not have either his passport or the student visa with him. (*Id*.) According to the Affidavit, "it was clear" to the USBP Agent that Loiseau had "just illegally entered [the United States] without inspection" due to "Loiseau's boots and pants being wet and covered in mud, the fact that he could not provide clear consistent answers" to questions about how he had arrived in Richford, and that "he appeared extremely nervous." (*Id*.)

A check of immigration records revealed that Loiseau had been removed from the United States to Canada on July 14, 2011 pursuant to a June 6, 2007 order of deportation. (*Id*.) Agents transported Loiseau to the Richford Border Patrol Station where his prior immigration history was confirmed by means of a biometric identification system. (*Id*. at 2, ¶ 4.) This system further confirmed that "there was no recent record of Loiseau entering the United States at a port of entry." (*Id*.) During Loiseau's processing in Richford, Agents inspected the border area in the vicinity of where they encountered Loiseau, observing "south-bound foot prints . . . just west of the Richford Port of Entry that matched Loiseau's boots, and were consistent with the mud observed on Loiseau upon his apprehension." (*Id*. ¶ 6.)

On March 20, 2012, the Court appointed the Office of the Federal Public Defender to represent Loiseau. (Doc. 3.) Also on that date, Loiseau appeared with counsel before Magistrate Judge John M. Conroy for a plea and sentencing hearing. The minute entry on the docket reflects that Loiseau was placed under oath and questioned by Judge Conroy. Loiseau pleaded guilty to the offense charged in the Criminal Complaint. Judge Conroy imposed a time-served sentence, waived the imposition of a fine, and deemed the applicable special assessment remitted. Judgment was entered on the docket March 20, 2012. (Doc. 6.) According to the docket in this case, Loiseau did not file an appeal.

## II.     The Petition to Expunge or Seal Criminal History

Loiseau filed the Petition on October 18, 2021. (Doc. 7.) He requests that "all records" of his federal conviction be destroyed. (*Id*. at 2.) Loiseau explains why in his view expungement would be in the interests of justice:

> My arrest was unjust and race[-]related. I was arrested on 3/19/2012 after 1900 ET, in Richford by USBP after an anonymous call from a citizen who identified me as a [b]lack intruder in town. Although, I produced my Florida [driver's license] and identified myself as a graduate student, I was detained. The arresting Officer claimed that I shouldn't be so far from my home state. On 3/20/2012 I was brought to Burlington on illegal entry charge and was assigned a [Public Defender] D. McColgin who convinced me into pleading guilty unbeknownst of the consequences [of] a guilty plea. After the facts were exposed, the Hon. Judge John M. Conroy ordered my release for time served and waived all fees, the USBP still billed me $5,000.00[,] which I deemed unjust but paid it regardless.

(*Id*.)

In its Opposition to Loiseau's Petition, the government first contends that the Court lacks subject matter jurisdiction to consider the Petition because Loiseau's request does not challenge the validity of his conviction or fall within the limited categories for expungement provided for by statute. (Doc. 8 at 3–4.) The government further contends that relief is unavailable to Loiseau under 28 U.S.C. § 2255 because he is not "in custody," which is a jurisdictional

3

requirement to seek habeas corpus relief. (*Id.* at 4.) Finally, to the extent that Loiseau's Petition may be construed as a petition for a writ of error *coram nobis*, the government asserts that Loiseau has not met the "heavy burden" to show that he is entitled to such extraordinary relief. (*Id.* at 4–5.)

## Discussion

### I. Authority of Magistrate Judge to Consider Loiseau's Expungement Request

Loiseau's offense of conviction carried a maximum sentence of six months' imprisonment. 8 U.S.C. § 1325(a). Such an offense is a Class B misdemeanor. 18 U.S.C. § 3559(a)(7). Federal law includes Class B misdemeanors within the definition of a "petty offense." 18 U.S.C. § 19. A magistrate judge has "the power to enter a sentence for a petty offense." 28 U.S.C. § 636(a)(4); *see also* Fed. R. Cr. P. 58(b)(3)(A) ("A magistrate judge may take the defendant's plea in a petty offense case."). "The authority to order expungement . . . is a natural extension of the magistrate judge's authority to sentence in the first place . . . ." *United States v. Steelwright*, 179 F. Supp. 2d 567, 572 (D. Md. 2002); *id.* at 571 n.6 ("[C]onsent only is required for Class A misdemeanors. All lesser criminal cases are tried by a magistrate judge without the need for consent, which further supports the argument that I have authority to rule on this expungement motion."); *see also United States v. Allen*, 57 F. Supp. 3d 533, 537–38 (E.D.N.C. 2014) (agreeing with the reasoning in *Steelwright* that the authority to order expungement necessarily follows from the authority to sentence).[2] Therefore, Loiseau's Petition to expunge his federal conviction is within the statutory authority of a magistrate judge.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

**II.      Subject Matter Jurisdiction Over Expungement Requests**

District courts generally lack subject matter jurisdiction to expunge records of lawful convictions on equitable grounds, except under limited circumstances provided by statute. *Doe v. United States*, 833 F.3d 192, 196–97 (2d Cir. 2016).[3] Even if "[t]he relevant Rules of Criminal Procedure all provide for limited jurisdiction over specified types of post-judgment motions," "[n]one of these rules remotely suggests . . . that district courts retain jurisdiction over *any* type of motion years after a criminal case has concluded." *Id*. at 196.  Courts also may exercise ancillary jurisdiction, which "is aimed at enabling a court to administer justice *within the scope of its jurisdiction*" by "deal[ing] with issues ancillary or incidental to the main action." *Id.* at 197.  However, a district court's ancillary jurisdiction to expunge "arrest records following a district court's order of dismissal" does not extend to the expungement of a valid criminal conviction.  *Id.*  As the Second Circuit explained in *Doe*, this is because expungement of a valid criminal conviction "on equitable grounds is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees.'" *Id*. at 198 (alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co of Am*., 511 U.S. 375, 379–80 (1994)). Additionally, ancillary jurisdiction is unavailable because "a motion to expunge records of a *valid* conviction on equitable grounds will ordinarily be premised on events that are unrelated to the sentencing." *Id.*

---

[3] The Second Circuit has identified two such limited circumstances. Under 18 U.S.C. § 3607(c), "upon the application of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years old at the time of the offense, 'the court shall enter an expungement order' expunging all public 'references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof.'" *Doe*, 833 F.3d at 199 (quoting 18 U.S.C. § 3607(c)). Second, under 18 U.S.C. § 5021(b), a statute repealed in 1984, a district court was authorized to set aside the conviction of a youthful offender upon discharge from probation. *Id.*

**III.     Subject matter jurisdiction is lacking over Loiseau's Petition.**

The Court lacks subject matter jurisdiction over Loiseau's request to expunge records of his conviction. No Rule of Criminal Procedure authorizes the Court to exercise subject matter jurisdiction over his Petition "years after [his] criminal case has concluded." *See Doe*, 833 F.3d at 196. The Court also may not exercise ancillary jurisdiction over Loiseau's Petition. Loiseau does not identify a statutory basis that permits the Court to exercise jurisdiction over his Petition. *See id.* at 196–97. Loiseau does not appear to contest that he violated the law under which he was convicted and sentenced. As a result, the Court's expungement of his valid criminal conviction would be "entirely unnecessary" to effectuate its prior decree or any immediately related proceedings. *See id*. at 197–98 (quoting *Kokkonen*, 511 U.S. at 379–80); *see United States v. Bolera*, No. 00-cr-631 (PKC), 2021 WL 5232452, at *2 (S.D.N.Y. Nov. 9, 2021) (holding court did not have ancillary jurisdiction over request to seal valid, fifteen-year-old conviction because "the relief sought does not relate to the management of proceedings or the enforcement of a court's authority or decrees").[4] Therefore, the Court lacks subject matter jurisdiction over Loiseau's Petition.

**IV.     Loiseau's Petition does not otherwise warrant relief.**

The Court must liberally construe a self-represented plaintiff's pleading to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To the extent that Loiseau may be requesting relief under 28 U.S.C. § 2255, such a remedy is unavailable to him because he is not "in custody." *See*

---

[4] Loiseau also claims that his counsel during proceedings in this Court "convinced [him] into pleading guilty unbeknownst of the consequences [of] a guilty plea." (Doc. 7 at 2.) This assertion alone, however, is insufficient for expungement. *See Johnson v. United States*, 21-MC-0788(JS), 2021 WL 2827350, at *3 (E.D.N.Y. July 7, 2021) (denying expungement request based on defendant's "bald contention that he was coerced into entering his plea").

6

28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018) ("It is well established in our precedent that to secure § 2255 review, a petitioner must satisfy the jurisdictional 'in custody' requirement of the statute.").

Second, to the extent that Loiseau may be seeking relief in the form of a writ of error *coram nobis*, he has not established his entitlement to such extraordinary relief. A writ of *coram nobis* is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). A writ of *coram nobis* is "extraordinary" and "issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009); *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998) (describing a writ of error *coram nobis* as "essentially a remedy of last resort"). The writ is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996). The Court "must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). To obtain *coram nobis* relief, the petitioner must show that (1) "there are circumstances compelling such action to achieve justice," (2) "sound reasons exist for failure to seek appropriate earlier relief," and (3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont*, 93 F.3d at 78.

Loiseau claims that his arrest was "unjust and race related," and that he did not appreciate "the consequences [of] a guilty plea." (Doc. 7 at 2.) As noted above, however, he does not

7

contend that he did not commit the offense charged. In addition, although Loiseau filed his Petition almost ten years after his conviction and sentence, he does not offer any "sound reason" for his failure to seek appropriate earlier relief. *See Foont*, 93 F.3d at 78. Finally, Loiseau has provided no information to suggest that he "continues to suffer legal consequences from his conviction." *See id*. Loiseau has not overcome the presumption that the proceedings in his case were correct, and he has not made the necessary showing that he is entitled to the extraordinary writ of error *coram nobis*.

## **Conclusion**

For the foregoing reasons, the Court DENIES Loiseau's Petition to Expunge or Seal Criminal History. (Doc. 7.)

Dated at Burlington, in the District of Vermont, this 15th day of March 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge